Arman Javid (CA Bar #191572) ajavid@mbvz.com
Roy S. Gordet (CA Bar#103916) rgordet@mbvz.com
**McQUAID BEDFORD & VAN ZANDT LLP**
221 Main Street, 16th Floor
San Francisco, CA 94105
Telephone: 415/905-0200
Facsimile:  415/905-0202

Attorneys for Defendant and Cross-Complainant
SAY SECURITY GROUP USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EXTREME CCTV, INC., a foreign corporation, and<br><br>FORWARD VISION CCTV LIMITED, a foreign corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>SAY SECURITY GROUP USA, an Ohio limited liability company,<br><br>       Defendant.<br>_____/<br>SAY SECURITY GROUP USA, an Ohio limited liability company,<br><br>       Cross-complainant,<br><br>v.<br><br>EXTREME CCTV, INC., a foreign corporation, and<br><br>FORWARD VISION CCTV LIMITED, a foreign corporation<br><br>       Cross-defendants.<br>_____/ | Case No. C 07 4819 HRL<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK, TRADE DRESS AND DESIGN PATENT; DECLARATORY JUDGMENT OF NON-INFRINGEMENT, NON-INDUCEMENT, AND INVALIDITY OF DESIGN PATENT; PETITION FOR CANCELLATION OF TRADEMARK AND DECLARATORY JUDGMENT OF INVALIDITY**<br><br>Jury Trial Demanded |

    Defendant SAY Security Group USA, an Ohio limited liability company, answers the

Complaint filed by Plaintiffs Extreme CCTV, Inc. and Forward Vision CCTV Limited.  Unless

1

otherwise noted, each numbered paragraph corresponds to the same numbered paragraph in the Complaint. All allegations of the Complaint not specifically admitted are denied.

**PARTIES, JURISDICTION AND VENUE**

1. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

2. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

3. SAY admits that it is an Ohio limited liability company having its principal place of business at 520 Montford Avenue, Ada, Ohio, 45810. SAY denies the remaining allegations of this paragraph.

4. SAY admits the allegations in this paragraph, except the allegation that it consents to personal jurisdiction in Federal or State Courts of Santa Clara County by way of the Google Inc. Advertising Program Terms, which it denies.

5. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

6. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

7. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

**COMMON ALLEGATIONS**

8. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

9. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

**COUNT ONE - PATENT INFRINGEMENT**

10. SAY repeats and realleges each answer contained in the prior paragraphs.

11. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

12. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

13. SAY denies the allegations of this paragraph.

14. SAY denies the allegations of this paragraph.

15. SAY denies the allegations of this paragraph.

16. SAY denies the allegations of this paragraph.

17. SAY admits the allegations of this paragraph.

18. SAY denies the allegations of this paragraph.

19. SAY denies the allegations of this paragraph.

## COUNT TWO - TRADEMARK INFRINGEMENT

20. SAY repeats and realleges each answer contained in the prior paragraphs.

21. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

22. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

23. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

24. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

25. SAY denies the allegations of this paragraph.

26. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

27. SAY does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on this basis denies the allegations.

28. SAY denies the allegations of this paragraph.

29. SAY denies the allegations of this paragraph.

30. SAY denies the allegations of this paragraph.

31. SAY denies the allegations of this paragraph.

1  32. SAY denies the allegations of this paragraph.
2  33. SAY denies the allegations of this paragraph.
3  34. SAY denies the allegations of this paragraph.
4  35. SAY denies the allegations of this paragraph.
5  36. SAY denies the allegations of this paragraph.
6  37. SAY denies the allegations of this paragraph.
7  38. SAY denies the allegations of this paragraph.
8  39. SAY denies the allegations of this paragraph.
9  40. SAY denies the allegations of this paragraph.
10 41. SAY denies the allegations of this paragraph.

11 **COUNT THREE - UNFAIR COMPETITION UNDER FEDERAL LAW**

12 42. SAY repeats and realleges each answer contained in the prior paragraphs.
13 43. SAY denies the allegations of this paragraph.
14 44. SAY denies the allegations of this paragraph.
15 45. SAY denies the allegations of this paragraph.
16 46. SAY denies the allegations of this paragraph.
17 47. SAY denies the allegations of this paragraph.

18 **COUNT FOUR - TRADE DRESS INFRINGEMENT**

19 48. SAY repeats and realleges each answer contained in the prior paragraphs.
20 49. SAY denies the allegations of this paragraph.
21 50. SAY denies the allegations of this paragraph.
22 51. SAY denies the allegations of this paragraph.
23 52. SAY denies the allegations of this paragraph.
24 53. SAY denies the allegations of this paragraph.
25 54. SAY denies the allegations of this paragraph.
26 55. SAY denies the allegations of this paragraph.
27 56. SAY denies the allegations of this paragraph.
28 57. SAY denies the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

SAY sets forth its affirmative and other defenses. SAY does not assume the burden of establishing any fact or proposition where that burden is properly imposed on Plaintiffs. SAY reserves the right to assert additional affirmative and other defenses at the appropriate time.

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' design patent is invalid because the design is obvious, and not unique or original.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' design patent is invalid because it improperly covers functional elements of the product.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs were not the owner of the design patent at all times that Defendant allegedly committed its allegedly infringing activities, and therefore Plaintiffs are not entitled to damages or any other relief for any acts of Defendant.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred because Plaintiffs' mark EXTREME CCTV is a generic term for the registered products.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred because Plaintiffs' mark EXTREME CCTV is merely descriptive of the registered products and the term has not acquired secondary meaning.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief should be rejected in their entirety because there is no likelihood of confusion based on the parties' respective uses of the marks.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' marks, and all registrations and applications for the marks, are invalid and void due to the abandonment, non-use, impermissible assignments and/or uncontrolled licensed use of the marks.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have engaged in naked licensing of their marks, permitting third parties to use their marks without adequate controls over the quality of the goods offered under the marks.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant's alleged use of Plaintiffs' marks are fair uses of the terms for describing Defendant's products, comparing its products to Plaintiffs', advertising its products, and other valid purposes.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant's use of Google Adwords and Keywords is not trademark infringement or unfair competition. Defendant did not use the marks in commerce as required to have a Lanham Act violation.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the equitable doctrine of acquiescence because, on information and belief, Plaintiffs and/or theiragents knew of the open and continuous use of the marks and certain design elements by Defendant and other parties.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred because Plaintiffs' alleged trade dress covers functional elements of the product, is essential to the products purposes, or is dictated by cost efficiency.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is not now and is not threatening to infringe upon Plaintiffs' alleged trade dress or trademarks rights, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant has not and is not now causing confusion, mistake, or deceiving the public as to the affiliation, connection or association with respect to Plaintiffs' alleged trade dress such that the public would be confused, mistaken, or deceived as to the origin, sponsorship, or approval of Plaintiffs' alleged trade dress.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant has not and is not now in its commercial advertising or promotion misrepresenting the nature, characteristics, qualities or geographic origin of Plaintiffs' goods, services or commercial activities.

SIXTEENTH AFFIRMATIVE DEFENSE

The alleged trade dress is invalid for the reason that the alleged trade dress and design features are functional.

SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged trade dress is invalid for the reason that the alleged trade dress is not inherently distinctive.

EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged trade dress and trademarks are invalid for the reason that the alleged trade dress has not acquired secondary meaning.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint, and each purported cause of action within, fails to state a cause of action on which Plaintiffs are entitled to relief.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred based on the equitable doctrine of unclean hands.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred based on the equitable doctrine of waiver due to Plaintiffs' delay in asserting their rights, if any.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the equitable doctrine of estoppel.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action for the causes of action alleged in the Complaint.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Venue as to Defendant is not proper in this jurisdiction, or is not the most convenient forum for trying this case.

**ANSWER AND COUNTERCLAIMS**

**COUNTERCLAIMS**

Defendant SAY Security Group USA, an Ohio limited liability company ("SAY"), asserts the following Counterclaims against Plaintiffs Extreme CCTV, Inc. ("Extreme") and Forward Vision CCTV Limited ("Forward").

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of Trademark, Trade Dress and Design Patent, 28 U.S.C. §2201)**

1. Defendant and Counter-claimant is SAY Security Group USA.

2. Plaintiffs and Counter-defendants are Extreme CCTV, Inc. and Forward Vision CCTV Limited.

3. This action arises under the Trademark Act of the United States, 15 U.S.C. §1051 *et seq.*, the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.* Subject matter jurisdiction is proper under 28 U.S.C. §§1331 and 1338(a).

4. SAY incorporates by reference each and every allegation contained in paragraphs 1 - 57 of its Answer and its Affirmative Defenses.

5. In its Complaint, Extreme alleges that SAY infringes its rights in the trademarks MOONDANCE and EXTREME CCTV; Forward alleges that SAY infringes its rights in its design patent, U.S. Design Patent No. D452,697; and Extreme alleges that SAY infringes its alleged trade dress rights in its Moondance product.

6. An actual and justiciable controversy exists between Plaintiffs Extreme and Forward, and Defendant SAY, as evidenced in part by Plaintiffs' filing of the Complaint alleging trademark, design patent, unfair competition and trade dress infringement.

7. SAY requests that the Court enter an order declaring that Plaintiffs' purported trademark, patent and trade dress rights have not been infringed by SAY, and therefore all claims in the Complaint should be dismissed.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Non-infringement, Non-inducement, and Invalidity of Design Patent)**

8. SAY incorporates by reference the allegations contained in its Answer and Affirmative Defenses and paragraphs 1 - 7 of its Counterclaim above as if set forth in full.

9. SAY has not infringed, directly or indirectly, nor has it induced the infringement of, any valid or enforceable claim of Forward's alleged design patent.

10. SAY is entitled to a declaration pursuant to 28 U.S.C. § 2201 that SAY has not infringed and does not infringe, directly or indirectly, and that it has not induced the infringement of, any valid or enforceable claim of Forward's design patent, either literally or by equivalents.

11. SAY is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the claims of the design patent are invalid for failure to satisfy at least one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 115, 171 and/or 282. Accordingly, SAY asks this Court to direct the U.S. Patent and Trademark Office to cancel U.S. Design Patent No. D452,697.

12. On information and belief, Plaintiffs have pursued this action aware that SAY has not infringed the design patent and that the claims of the design patent are invalid.

13. This is, therefore, an exceptional case under 35 U.S.C. § 285, and SAY is entitled to recover its costs, expenses, and reasonable attorneys' fees associated with defending this action.

## THIRD COUNTERCLAIM

**(Petition for Cancellation of Trademark and Declaratory Judgment of Invalidity, 28 U.S.C. §2201)**

14. SAY incorporates by reference the allegations contained in its Answer and Affirmative Defenses and paragraphs 1 - 13 of its Counterclaim above as if set forth in full.

15. Plaintiff and Counter-defendant Extreme CCTV, Inc. claims that it is the registered owner of Registration No. 2663808 for the mark EXTREME CCTV on the Principal Register of the U.S. Patent and Trademark Office. SAY hereby petitions to cancel that registration.

1  16. Extreme's registration was filed on January 19, 2000, and registered on the Principal Register on December 17, 2002, in Class 9 for the goods, "Surveillance video cameras, namely mounting brackets, microphone modules, electrical power supplies, lens, explosion-proof housings; infrared illuminators," claiming a first use of January 31, 2000.

17. Extreme's registration states: "No claim is made to the exclusive right to use 'CCTV' apart from the mark as shown."

18. Extreme's registered mark consists of the terms "extreme" and "CCTV".  The term "extreme", when applied to Plaintiffs' goods, is merely descriptive in that the term is an apt and common term used to describe the generic goods of that nature, to wit: closed circuit televisions, also known as "CCTV's".

19. SAY, since November 2006, has been involved in the sale of closed circuit televisions (CCTV's) used for surveillance purposes in extreme and rugged environments, and for explosion-proof purposes, which are of a related nature to Extreme's goods described in its registration.  SAY has a valid and legal right to describe its goods as "extreme CCTV's", the identical phrase that is Extreme's registered mark EXTREME CCTV.

20. SAY is likely to be damaged by the continued registration of this descriptive or generic phrase in that Extreme benefits from an unwarranted prima facie presumption of exclusive use of this descriptive or generic phrase in connection with Extreme's goods.  Extreme's registration, therefore, tends to impair SAY's right, and the rights of others similarly situated, in the use of this phrase and these terms.

21. If Extreme's registration becomes incontestable under the applicable provisions of the Lanham Act, this will create still further damage to SAY.

22. Extreme is not entitled to the continued registration of its alleged mark in that Extreme is not entitled to exclusive use of these terms in commerce in connection with the goods specified, and further, Extreme's alleged mark does not function to identify the source or origin of Extreme's goods nor to distinguish Extreme's goods from those offered by others.

**ANSWER AND COUNTERCLAIMS**

23. Accordingly, SAY asks this Court to direct the U.S. Patent and Trademark Office to cancel Extreme's U.S. Trademark Registration No. 2663808 and remove it from the Principal Register of the U.S. Patent and Trademark Office.

PRAYER FOR RELIEF

WHEREFORE, SAY prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;

2. That the Complaint be dismissed with prejudice;

3. That the Court enter judgment in favor of the Defendants and against Plaintiffs on all claims in Plaintiffs' Complaint;

4. That the Court enter a declaratory judgment that U.S. Trademark Registration No. 2663808 is invalid, void, and unenforceable and that Extreme is not the owner of these trademark registrations.

5. That the Court direct the U.S. Patent and Trademark Office to cancel U.S. Trademark Registration No. 2663808 and remove it from the Principal Register of the U.S. Patent and Trademark Office;

6. That the Court enter a declaratory judgment that U.S. Design Patent No. D452,697 is invalid and unenforceable;

7. That the Court enter a declaratory judgment that the design of SAY's accused products does not infringe U.S. Design Patent No. D452,697.

8. That the Court cancel U.S. Design Patent No. D452,697.

9. That the Court enter a declaratory judgment that the design of SAY's accused products do not infringe any of Extreme's alleged trademark or trade dress rights;

10. That the Court enter a declaratory judgment that SAY's acts do not constitute false designation of origin, false representation, or unfair competition;

11. That the Court declare this an exceptional case in favor of SAY per 35 U.S.C. § 285.

12. That the Court grant SAY its reasonable expenses and costs incurred, including attorney's fees, in defending against the Complaint and in asserting these Counterclaims; and

13. That the Court grant SAY such other and further relief to which SAY may be entitled as a matter of law, or which may otherwise be just and proper.

Dated: January 28, 2008                McQUAID BEDFORD & VAN ZANDT LLP

By: /s/
Arman Javid
McQUAID BEDFORD & VAN ZANDT, LLP
221 Main Street, 16th Floor
San Francisco, CA  94105
Telephone 415-905-0200
Attorneys for Defendant SAY Security Group USA

### DEMAND FOR JURY TRIAL

Defendant Say Security Group USA demands trial by jury as to all causes of action and counterclaims to which it is entitled to so demand.

### CERTIFICATION OF INTERESTED PERSONS OR ENTITIES

Pursuant to Civil L.R. 7.1-1, the undersigned, counsel of record for SAY Security Group USA, certifies that the following listed party has a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

None

Dated: January 28, 2008                McQUAID BEDFORD & VAN ZANDT LLP

By: /s/
Arman Javid
McQUAID BEDFORD & VAN ZANDT, LLP
221 Main Street, 16th Floor
San Francisco, CA  94105
Telephone 415-905-0200
Attorneys for Defendant SAY Security Group USA