1  RONALD F. LOPEZ, CA BAR NO. 111756, rflopez@thelen.com
   MARLENE WILLIAMS, CA BAR NO. 197107, mjwilliams@thelen.com
2  **THELEN REID BROWN RAYSMAN & STEINER LLP**
   101 Second Street, Suite 1800
3  San Francisco, CA  94105–3606
   Telephone:  (415) 371–1200
4  Facsimile:  (415) 371–1211

5  ROBERT E. KREBS (SBN 57526), rkrebs@thelen.com
   CHRISTOPHER L. OGDEN (SBN 235517), cogden@thelen.com
6  **THELEN REID BROWN RAYSMAN & STEINER LLP**
   225 West San Carlos Street, Suite 1200
7  San Jose, CA  95113
   Telephone: (408) 292–5800
8  Facsimile:  (408) 287–8040

10 Attorneys for Plaintiffs
   EXTREME CCTV, INC. and
11 FORWARD VISION CCTV LIMITED

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXTREME CCTV, INC., a foreign corporation, and<br><br>FORWARD VISION CCTV LIMITED, a foreign corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SAY SECURITY GROUP USA, an Ohio limited liability company,<br><br>Defendant. | Case No.: CV 07-04819 CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date: March 11, 2008<br>Location:    Courtroom 2, 4th Floor<br>Time:         2:00 p.m. |

Pursuant to Local Rule 16-9, Plaintiffs Extreme CTTV, Inc. ("Extreme") and Forward Vision CCTV Limited ("Forward") (collectively, "Plaintiffs") and Defendant SAY Security Group USA ("SAY") hereby submit their Joint Case Management Statement.

**1.     JURISDICTION AND SERVICE**

The parties agree that this Court has subject-matter jurisdiction in this action.  Plaintiffs assert that jurisdiction is proper pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C § 1338(a).  SAY asserts that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).  Plaintiffs assert, and SAY does not dispute, that venue in this district is proper pursuant to 28 U.S.C. §§1391(b) and 1400(b).

**2.     FACTS**

This is a case for alleged patent infringement, trademark infringement, unfair competition, and trade dress infringement.  Plaintiff Extreme CCTV, Inc. ("Extreme") is a Vancouver, British Columbia company having its principal place of business at 3021 Underhill Avenue Burnaby, British Columbia, Canada V5A 3C2.  Plaintiff Forward Vision CCTV Limited ("Forward") is a British company having its principal place of business at Noteberne House, 84 High Street, Southampton, United Kingdom.  Forward is a wholly owned subsidiary of Extreme.  On information and belief, defendant SAY Security Group USA, LLC ("SAY") is an Ohio corporation having its principal place of business at 520 E. Montford Avenue, ADA, Ohio, 45810.

For over a decade, Extreme and its subsidiaries, have been in the business of manufacturing surveillance video cameras and related products namely, mounting brackets, boxes, covers, housings, domes, pan/tilt motors, microphone modules, power supplies, battery packs, lens, infrared illuminators, control modules, radio frequency transmitters and light emitting diode illuminators.  Plaintiff Forward is the owner of United States Design Patent No. D453,697 ("697"), which is used in the making of certain products marketed and sold by Extreme.  One such product is the "Moondance," a Metal PowerDome PTZ camera.

Since November 2006, SAY has been involved in the sale of closed circuit televisions (CCTVs) used in extreme and rugged environments and for explosion-proof purposes.  One such

product manufactured, marketed, and sold by SAY is its "Titan" camera, also a Metal PowerDome PTZ camera.

Plaintiffs filed this action against SAY on September 19, 2007, alleging, among other things, that SAY is infringing the '697 patent by marketing, distributing, and selling the PTZ camera. Plaintiffs also allege that SAY is infringing certain trademarks owned by Extreme, namely, Registration No. 2,663,808 on the Principal Register of the United States Patent and Trademark Office for "Extreme CCTV," and Registration No. 2,944,304 for "Moondance." owned by Forward. Specifically, Plaintiffs alleged that SAY has purchased certain "Adwords" from Google, Inc. that incorporate the Extreme trademarks, including "Moondance PTZ," "Extreme Moondance PTZ," "Extreme CCTV PTZ," "Extreme CCTV Moondance," and "Extreme CCTV Moondance PTZ." These Adwords, when entered into the Google, Inc. search engine, generate links to SAY's website. Plaintiffs also asserted that SAY, through the above-mentioned acts, has engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trade dress infringement.

SAY answered Plaintiffs' Complaint on January 28, 2008 and simultaneously asserted counterclaims against Plaintiffs for declaratory judgment of non-infringement of trademark, trade dress and design patent; declaratory judgment of non-infringement, non-inducement, and invalidity of design patent; and petition for cancellation of trademark and declaratory judgment of invalidity. By way of its answer, SAY denied Plaintiffs' allegations and asserted, among other things that the '697 patent is invalid and that Plaintiffs' claimed trademarks are invalid and void.

**3.    LEGAL ISSUES**

The legal issues presented in this case include: (1) validity of the '697 patent; (2) whether SAY's manufacture, marketing, and sale of its products infringe the '697 patent; (3) whether Plaintiffs' trademark registrations are valid, whether Plaintiffs are entitled to continued registration of the registered trademarks, and whether the trademark registrations are subject to cancellation; and (4) whether SAY's conduct infringes Plaintiffs' claimed trademarks.

**4.    MOTIONS**

The parties anticipate that the case may be suitable for motions for summary judgment.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**5.    AMENDMENT OF PLEADINGS**

At this time, the parties do not contemplate amendments to the pleadings.

**6.    EVIDENCE PRESERVATION**

The parties have discussed the need to preserve evidence relevant to the issues in this case and have taken appropriate steps. These steps include, but are not limited to, saving electronic and hard copy versions of relevant e-mails, voicemails, and any other relevant documents and communications.

**7.    INITIAL DISCLOSURES**

As of the preparing of this report, the parties have not yet exchanged initial disclosures and the parties intend to fully and timely comply with the requirements of Fed. R. Civ. P. 26.

**8.    DISCOVERY**

No discovery has been taken to date. With regard to depositions, the parties anticipate that five party depositions, and five third party depositions for each side will be required to fully factually develop the case. In all other respects, the parties anticipate that the necessary discovery can be completed within the limits prescribed by the Federal Rules of Civil Procedure.

**9.    CLASS ACTIONS**

This case is not a class action.

**10.   RELATED CASES**

The parties are unaware of any related cases.

**11.   RELIEF REQUESTED**

Plaintiffs seek a permanent injunction enjoining SAY from infringing the '697 patent and Plaintiffs registered trademarks. Plaintiffs further request that SAY be required to account for any profits earned as a result of any infringement, and that Plaintiffs be compensated for any actual damages suffered as a result of the infringement, along with interest and costs; that SAY be ordered to discontinue its purchase and use of Adwords and be ordered to destroy all products and other materials constituting infringement; and that Plaintiffs be awarded compensatory damages, treble damages, and reasonable attorneys fees and costs.


SAY requests that the Court enter a declaratory judgment that the '697 patent is invalid and unenforceable and cancel the '697 patent, enter a declaratory judgment that SAY's products do not infringe the '697 patent, enter a declaratory judgment that Plaintiffs' asserted trademarks are invalid and that their registration be cancelled, enter a declaratory judgment that SAY's conduct does not constitute unfair competition, and that SAY be awarded reasonable expenses and costs, including attorney's fees.

**12.    SETTLEMENT AND ADR**

The parties are actively engaged in settlement negotiations, including exchanges of a draft settlement agreement, at the time of the filing of this Joint Case Management Statement.  The parties have agreed that if settlement efforts are not successful, the case be submitted to mediation pursuant to ADR Local Rule 6.

**13.    CONSENT TO MAGISTRATE JUDGE**

On January 28, 2008, SAY filed its Declination To Proceed Before A Magistrate Judge, at which time this case was reassigned to the Honorable Claudia Wilken.

**14.    OTHER REFERENCES**

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

**15.    NARROWING OF ISSUES**

The parties expect that the issues may be resolved or, at a minimum narrowed, through the contemplated motions described in No. 4 above.

**16.    EXPEDITED SCHEDULE**

The parties do not believe this case should be handled on an expedited schedule.

**17.    SCHEDULING**

The parties tentatively propose a trial date of May 2009, a discovery cut-off date of January 30, 2009, and a deadline for filing dispositive motions of March 15, 2009.

**18.    TRIAL**

The parties anticipate a jury trial of approximately 3 to 5 days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties are unaware of any non-party interested entities or persons in this case.

**20.   OTHER MATTERS**

The parties are unaware at this time of any other matters or information that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED:       March 4, 2008                    THELEN REID BROWN RAYSMAN & STEINER LLP


By    /s/ Ronald F. Lopez
       Ronald F. Lopez
       Counsel for Extreme CCTV, Inc. and
       Forward Vision CCTV Limited


DATED:                                         McQUAID BEDFORD & VAN ZANDT LLP


By  _____
       Roy S. Gordet (State Bar No. 103916)
       Counsel for Say Security Group USA

RONALD F. LOPEZ, CA BAR NO. 111756, rflopez@thelen.com
MARLENE WILLIAMS, CA BAR NO. 197107, mjwilliams@thelen.com
**THELEN REID BROWN RAYSMAN & STEINER LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105–3606
Telephone: (415) 371–1200
Facsimile: (415) 371–1211

ROBERT E. KREBS (SBN 57526), rkrebs@thelen.com
CHRISTOPHER L. OGDEN (SBN 235517), cogden@thelen.com
**THELEN REID BROWN RAYSMAN & STEINER LLP**
225 West San Carlos Street, Suite 1200
San Jose, CA 95113
Telephone: (408) 292–5800
Facsimile: (408) 287–8040

Attorneys for Plaintiffs
EXTREME CCTV, INC. and
FORWARD VISION CCTV LIMITED

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXTREME CCTV, INC., a foreign corporation, and<br><br>FORWARD VISION CCTV LIMITED, a foreign corporation,<br><br>      Plaintiffs,<br><br>      vs.<br><br>SAY SECURITY GROUP USA, an Ohio limited liability company,<br><br>      Defendant. | Case No.: CV 07-04819 CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br><br>Hearing Date: March 11, 2008<br>Location:    Courtroom 2, 4th Floor<br>Time:        2:00 p.m. |

1  Pursuant to Local Rule 16-9, Plaintiffs Extreme CTTV, Inc. ("Extreme") and Forward
2  Vision CCTV Limited ("Forward") (collectively, "Plaintiffs") and Defendant SAY Security Group
3  USA ("SAY") hereby submit their Joint Case Management Statement.

**1. JURISDICTION AND SERVICE**

The parties agree that this Court has subject-matter jurisdiction in this action. Plaintiffs assert that jurisdiction is proper pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C § 1338(a). SAY asserts that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). Plaintiffs assert, and SAY does not dispute, that venue in this district is proper pursuant to 28 U.S.C. §§1391(b) and 1400(b).

**2. FACTS**

This is a case for alleged patent infringement, trademark infringement, unfair competition, and trade dress infringement. Plaintiff Extreme CCTV, Inc. ("Extreme") is a Vancouver, British Columbia company having its principal place of business at 3021 Underhill Avenue Burnaby, British Columbia, Canada V5A 3C2. Plaintiff Forward Vision CCTV Limited ("Forward") is a British company having its principal place of business at Noteberne House, 84 High Street, Southampton, United Kingdom. Forward is a wholly owned subsidiary of Extreme. On information and belief, defendant SAY Security Group USA, LLC ("SAY") is an Ohio corporation having its principal place of business at 520 E. Montford Avenue, ADA, Ohio, 45810.

For over a decade, Extreme and its subsidiaries, have been in the business of manufacturing surveillance video cameras and related products namely, mounting brackets, boxes, covers, housings, domes, pan/tilt motors, microphone modules, power supplies, battery packs, lens, infrared illuminators, control modules, radio frequency transmitters and light emitting diode illuminators. Plaintiff Forward is the owner of United States Design Patent No. D453,697 ("697"), which is used in the making of certain products marketed and sold by Extreme. One such product is the "Moondance," a Metal PowerDome PTZ camera.

Since November 2006, SAY has been involved in the sale of closed circuit televisions (CCTVs) used in extreme and rugged environments and for explosion-proof purposes. One such

product manufactured, marketed, and sold by SAY is its "Titan" camera, also a Metal PowerDome PTZ camera.

Plaintiffs filed this action against SAY on September 19, 2007, alleging, among other things, that SAY is infringing the '697 patent by marketing, distributing, and selling the PTZ camera. Plaintiffs also allege that SAY is infringing certain trademarks owned by Extreme, namely, Registration No. 2,663,808 on the Principal Register of the United States Patent and Trademark Office for "Extreme CCTV," and Registration No. 2,944,304 for "Moondance." owned by Forward. Specifically, Plaintiffs alleged that SAY has purchased certain "Adwords" from Google, Inc. that incorporate the Extreme trademarks, including "Moondance PTZ," "Extreme Moondance PTZ," "Extreme CCTV PTZ," "Extreme CCTV Moondance," and "Extreme CCTV Moondance PTZ." These Adwords, when entered into the Google, Inc. search engine, generate links to SAY's website. Plaintiffs also asserted that SAY, through the above-mentioned acts, has engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trade dress infringement.

SAY answered Plaintiffs' Complaint on January 28, 2008 and simultaneously asserted counterclaims against Plaintiffs for declaratory judgment of non-infringement of trademark, trade dress and design patent; declaratory judgment of non-infringement, non-inducement, and invalidity of design patent; and petition for cancellation of trademark and declaratory judgment of invalidity. By way of its answer, SAY denied Plaintiffs' allegations and asserted, among other things that the '697 patent is invalid and that Plaintiffs' claimed trademarks are invalid and void.

3. **LEGAL ISSUES**

The legal issues presented in this case include: (1) validity of the '697 patent; (2) whether SAY's manufacture, marketing, and sale of its products infringe the '697 patent; (3) whether Plaintiffs' trademark registrations are valid, whether Plaintiffs are entitled to continued registration of the registered trademarks, and whether the trademark registrations are subject to cancellation; and (4) whether SAY's conduct infringes Plaintiffs' claimed trademarks.

4. **MOTIONS**

The parties anticipate that the case may be suitable for motions for summary judgment.

5.  **AMENDMENT OF PLEADINGS**

At this time, the parties do not contemplate amendments to the pleadings.

6.  **EVIDENCE PRESERVATION**

The parties have discussed the need to preserve evidence relevant to the issues in this case and have taken appropriate steps. These steps include, but are not limited to, saving electronic and hard copy versions of relevant e-mails, voicemails, and any other relevant documents and communications.

7.  **INITIAL DISCLOSURES**

As of the preparing of this report, the parties have not yet exchanged initial disclosures and the parties intend to fully and timely comply with the requirements of Fed. R. Civ. P. 26.

8.  **DISCOVERY**

No discovery has been taken to date. With regard to depositions, the parties anticipate that five party depositions, and five third party depositions for each side will be required to fully factually develop the case. In all other respects, the parties anticipate that the necessary discovery can be completed within the limits prescribed by the Federal Rules of Civil Procedure.

9.  **CLASS ACTIONS**

This case is not a class action.

10. **RELATED CASES**

The parties are unaware of any related cases.

11. **RELIEF REQUESTED**

Plaintiffs seek a permanent injunction enjoining SAY from infringing the '697 patent and Plaintiffs registered trademarks. Plaintiffs further request that SAY be required to account for any profits earned as a result of any infringement, and that Plaintiffs be compensated for any actual damages suffered as a result of the infringement, along with interest and costs; that SAY be ordered to discontinue its purchase and use of Adwords and be ordered to destroy all products and other materials constituting infringement; and that Plaintiffs be awarded compensatory damages, treble damages, and reasonable attorneys fees and costs.

SAY requests that the Court enter a declaratory judgment that the '697 patent is invalid and unenforceable and cancel the '697 patent, enter a declaratory judgment that SAY's products do not infringe the '697 patent, enter a declaratory judgment that Plaintiffs' asserted trademarks are invalid and that their registration be cancelled, enter a declaratory judgment that SAY's conduct does not constitute unfair competition, and that SAY be awarded reasonable expenses and costs, including attorney's fees.

## 12. SETTLEMENT AND ADR

The parties are actively engaged in settlement negotiations, including exchanges of a draft settlement agreement, at the time of the filing of this Joint Case Management Statement. The parties have agreed that if settlement efforts are not successful, the case be submitted to mediation pursuant to ADR Local Rule 6.

## 13. CONSENT TO MAGISTRATE JUDGE

On January 28, 2008, SAY filed its Declination To Proceed Before A Magistrate Judge, at which time this case was reassigned to the Honorable Claudia Wilken.

## 14. OTHER REFERENCES

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

## 15. NARROWING OF ISSUES

The parties expect that the issues may be resolved or, at a minimum narrowed, through the contemplated motions described in No. 4 above.

## 16. EXPEDITED SCHEDULE

The parties do not believe this case should be handled on an expedited schedule.

## 17. SCHEDULING

The parties tentatively propose a trial date of May 2009, a discovery cut-off date of January 30, 2009, and a deadline for filing dispositive motions of March 15, 2009.

## 18. TRIAL

The parties anticipate a jury trial of approximately 3 to 5 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties are unaware of any non-party interested entities or persons in this case.

20. **OTHER MATTERS**

The parties are unaware at this time of any other matters or information that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED:                          THELEN REID BROWN RAYSMAN & STEINER LLP

By _____
Ronald F. Lopez
Counsel for Extreme CCTV, Inc. and
Forward Vision CCTV Limited

DATED: *March 3, 2008*      McQUAID BEDFORD & VAN ZANDT LLP

By _____
Roy S. Gordet (State Bar No. 103916)
Counsel for Say Security Group USA

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | EXTREME CCTV, INC., a foreign corporation, and | Case No.: CV 07-04819 CW |
| 11 | | **GENERAL ORDER 45 DECLARATION** |
| 12 | FORWARD VISION CCTV LIMITED, a foreign corporation, | **OF LISA C. McCURDY RE SIGNATURE OF RONALD F. LOPEZ** |
| 13 | Plaintiffs, | |
| 14 | vs. | |
| 15 | SAY SECURITY GROUP USA, an Ohio limited liability company , | |
| 16 | Defendant. | |

SF #1437788 v1

GENERAL ORDER 45 DECLARATION (JOINT CMC STATEMENT)

1        I, Lisa C. McCurdy , declare as follows:

2        1.    I am a member in good standing of the State Bar of California and an associate with Thelen Reid Brown Raysman & Steiner LLP, attorneys for plaintiffs in the above-entitled action. I have personal knowledge of the facts set forth herein and, if called to testify, could and would competently testify thereto. I make this declaration in support of the parties' Joint Case Management Conference Statement.

      2.    Pursuant to General Order 45 of this Court, I hereby verify that concurrence in the filing of the stipulation submitted concurrently herewith was obtained from Ronald F. Lopez, whose signature is provided electronically.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on March 4, 2008 in San Francisco, California.

                                    /s/ Lisa C. McCurdy
                                    Lisa McCurdy